Wiltshire v. Williams

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of August, two thousand fourteen.

PRESENT:
> **JOHN M. WALKER, JR.**,
> **DENNIS JACOBS,**
> *Circuit Judges.*[*]

_____

James V. Wiltshire,

> *Plaintiff-Appellant*,

v.                                                                        13-2497 (L); 13-3660 (Con)

Keagan Marie Williams, ADA New York County, *et al*.,

> *Defendants-Appellees*.

_____


**FOR PLAINTIFF-APPELLANT:**          James V. Wiltshire, *pro se*, New York, NY

_____

[*] The Honorable Richard C. Wesley, originally a member of this panel, did not participate in the consideration of this appeal. The two remaining members of the panel, who are in agreement, have determined the matter. *See* 28 U.S.C. § 46(d); 2d Cir. I.O.P. E; *United States v. Desimone*, 140 F.3d 457 (2d Cir. 1998).

**FOR DEFENDANTS-APPELLEES:** Sarah Hardin Hines, New York County District Attorney's Office; Larry Sonnenshein, Assistant Corporation Counsel; Susan P. Greenberg, Senior Counsel, New York City Law Department, New York, NY

Appeal from an order of the United States District Court for the Southern District of New York (Sweet, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant James V. Wiltshire, *pro se*, appeals from the district court's order denying his Federal Rule of Civil Procedure 60(b) motion to reconsider its dismissal of Wiltshire's 42 U.S.C. § 1983 claims.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A district court's denial of a Rule 60(b) motion is reviewed for abuse of discretion. *See Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009). A district court abuses discretion if it bases its ruling on an erroneous view of the law or clearly erroneous findings of fact, or if its decision "cannot be located within the range of permissible decisions." *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009) (citation omitted). Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted).

Wiltshire's arguments that the district court abused discretion in denying his Rule 60(b) motion are unavailing. First, as the district court determined, the dismissal of his criminal case

---

[1] Wiltshire's consolidated appeal, docketed as 13-3660, has been dismissed.

2

(on speedy trial grounds) did not preclude a finding in his civil case that probable cause existed. *See Jenkins v. City of New York*, 478 F.3d 76, 85-86 (2d Cir. 2007).

Second, Officer Warburton and Assistant District Attorney Williams had no affirmative duty to inquire further as to the status of Wiltshire's protective order. Wiltshire relies on *Lowth v. Town of Cheektowaga*, 82 F.3d 563 (2d Cir. 1996), which observed that "failure to make a further inquiry when a reasonable person would have done so may be evidence of lack of probable cause." *Id*. at 571 (citation omitted). However, as explained by the district court, a putative victim's allegations alone generally suffice to support probable cause to arrest. *See Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001). Williams and Warburton were not required to "explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Id*. Wiltshire alleges that he told Warburton that he had not been notified of the protective order; but this was not the type of exculpatory information sufficient to dissipate probable cause. *See Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997) (officer was not required to further investigate a suspect's claim of self defense before executing an arrest); *Lowth*, 82 F.3d at 572.

Moreover, the record does not reflect that the district court overlooked the allegation that Warburton and Williams knew that Wiltshire had not been served with the protective order. The court acknowledged this allegation, but, as discussed *supra*, properly concluded that probable cause could be established nonetheless based on the victim's allegation alone.

Finally, the district court did not abuse discretion by declining to reconsider the dismissal of claims against the district attorney defendants. The court accurately explained why those defendants were entitled to Eleventh Amendment and prosecutorial immunity.

3

We have considered Wiltshire's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4